UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-08930-SVW-JC | Date | December 1, 2025 |
|---|---|---|---|

| Title | *Sara Torres v. AT and T Mobility Services LLC et al* |
|---|---|

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   ORDER DENYING PLAINTIFF'S MOTION TO REMAND [16]

## I.  Introduction

Before the Court is a motion to remand brought by Plaintiff Sara Torres. Plaintiff's Motion to Remand ("Mot."), ECF No. 16. For the following reasons, the motion is DENIED.

## II.  Background

Plaintiff Sara Torres was employed by Defendant AT and T Mobility Services LLC ("AT&T") as a Customer Service Salesperson from November 2021 until her termination in May 2024. Complaint ("Compl."), ECF No. 1-2, ¶¶ 10, 13. Torres was diagnosed with anxiety and depression in June 2023. *Id.* ¶ 13. Pursuant to a doctor's note, in April 2024, Torres requested permission from Defendant to take intermittent medical leave for her anxiety and depression. *Id.* However, before receiving a response regarding this request, Torres's manager, Charles Forston, informed Plaintiff on May 25, 2024 that she was terminated. *Id.* On May 27, 2024, Torres received an email from Defendant that her request for medical leave was denied. *Id.* In a meeting on May 29, 2024, Director Matthew Blake informed Torres that she was terminated because of her attendance. *Id.*

On June 20, 2025, Plaintiff filed a lawsuit against Defendants—AT and T Mobility Services LLC, AT and T, Inc., Charles Forston, and Matthew Blake—alleging eleven causes of action relating to Plaintiff's termination. *See* Compl. ¶¶ 19-85. AT&T removed the action to federal court on September 18,

:

Initials of Preparer   DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-08930-SVW-JC | Date | December 1, 2025 |
|---|---|---|---|

| Title | *Sara Torres v. AT and T Mobility Services LLC et al* |
|---|---|

2025. Notice of Removal, ECF No. 1. Plaintiff filed the instant motion to remand on October 20, 2025. *See* Mot.

### III. Legal Standard

"Federal courts are courts of limited jurisdiction . . . ." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994)). As such, a federal court can only exercise jurisdiction over actions where a federal question exists, or where there is both complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332.

Pursuant to 28 U.S.C. § 1441(a), "a defendant may remove any action filed in state court if a federal district court would have had original jurisdiction." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2021). The Ninth Circuit strictly construes the removal statute against removal, and jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Gaus v. Miles, Inc.*, 980 F.2d 564, 565 (9th Cir. 1997).

Remand may be granted for a defect in the removal procedure or for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). A plaintiff's motion to remand may raise either a facial attack or factual attack on the defendant's jurisdictional allegations. *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014). "A facial attack accepts the truth of the defendant's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020) (cleaned up). In contrast, a factual attack contests the truth of the allegations themselves. *Harris*, 980 F.3d at 699. "When a plaintiff mounts a factual attack, the burden is on the defendant to show, by a preponderance of the evidence," that jurisdiction exists. *Id.*; *see Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992). In analyzing a motion to remand, courts may consider summary-judgment-type evidence submitted by the parties. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

### IV. Discussion

Defendant removed this action based on diversity jurisdiction pursuant to 28 U.S.C. § 1441(a). Notice of Removal at 4. Plaintiff only challenges whether Defendant has met its burden of establishing

| | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-08930-SVW-JC | Date | December 1, 2025 |
|---|---|---|---|
| Title | *Sara Torres v. AT and T Mobility Services LLC et al* | | |

that the amount in controversy exceeds $75,000. Mot. at 1.

"[T]he amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018). Here, Plaintiff seeks economic damages, including lost past and future income and employment benefits; non-economic damages, including emotional distress; punitive damages; and attorneys' fees. Compl. ¶¶ 14-16. Plaintiff's request for lost wages alone exceeds the jurisdictional threshold.

Defendant provides evidence that Plaintiff's annual salary is about $60,427.86. Declaration of Alencia Deanda-Gregg ("Deanda-Gregg Decl."), ECF No. 4, ¶ 4.[1,2] Plaintiff pleads that she "has sustained and *continues* to sustain substantial losses of earnings." Compl. ¶ 22 (emphasis added). Over 18 months have elapsed since her termination at the end of May 2024. At a monthly income of $5,035.66, Plaintiff is seeking at least $90,641.88 in lost wages. Plaintiff does not present any evidence to challenge Defendant's calculations or assumptions.

The Court thus finds that Defendant has met its burden in showing the jurisdictional amount exceeds $75,000. Given the Court has done so based solely on Plaintiff's request for lost wages, the Court need not address other components of the amount in controversy.

**V.    Conclusion**

For the foregoing reasons, the Court DENIES Plaintiff's motion to remand.

**IT IS SO ORDERED.**

---

[1] Plaintiff makes a slew of boilerplate objections to Defendant's declaration. Plaintiff's Objections, ECF No. 17. The Court finds them meritless. The declarant is employed by Defendant in a human resources capacity and regularly handles employee records like those relied upon here for removal. Deanda-Gregg Decl. ¶¶ 1-2. This declaration serves as sufficient evidence for purposes of resolving the instant motion to remand.

[2] The declaration notes that Plaintiff "earned $23,911.72 in 2025, and $60,427.86 in 2024." Deanda-Gregg Decl. ¶ 4. Given Plaintiff was terminated in May 2024, the record should show that she made $0 in 2025, not $23,911.72. The Court believes the years provided are typographical errors and should be offset by one year, such that Plaintiff earned $23,911.72 in *2024* and $60,427.86 in *2023*. The Court is nevertheless confident these values are accurate because back-of-the-napkin math shows that Plaintiff's corrected 2024 earnings align with the fact she worked for only about five months of the year.

| | : |
|---|---|
| Initials of Preparer | DTA |